IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Charlie Reymond Torres Siles, | : | |
| | : | Case No. 1:26-cv-434 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Warden, Butler County Detention | : | |
| Facility, *et al.*, | : | Order Granting Habeas Petition and |
| | : | Denying as Moot Motion to Dismiss |
| Respondents. | : | |

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Habeas Petition") and the Emergency Motion for Immediate Release or Bond Hearing ("Emergency Motion") both filed by Petitioner Charlie Reymon Torres Siles, who is proceeding *pro se*. (Docs. 1, 2.)  Federal Respondents filed a Return of Writ.  (Doc. 13.)

Also pending before the Court is the unopposed Motion to Dismiss filed by the Warden of the Butler County Correctional Complex.  (Doc. 7.)

**I.**

Torres Siles, a native and citizen of Nicaragua, entered the United States in March 2019. (Doc. 2 at PageID 14; Doc. 13-1 at PageID 111.)  He was taken into custody by a Department of Homeland Security ("DHS") Border Patrol agent after entering the country.  (Doc. 13-2 at PageID 114.)  DHS initiated removal proceedings under the Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a, on March 27, 2019.  (Doc. 13-1 at PageID 111.)  DHS charged Torres Siles with a violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (*Id.*)  DHS

1

released him on his own recognizance due to space limitations.  (Doc. 13-2 at PageID 114.)

Torres Siles filed an Application for Asylum and for Withholding of Removal during or before January 2021.  (Doc. 3 at PageID 84.)  An Immigration Judge ordered him removed to Nicaragua on December 10, 2024, but his asylum request and removal proceedings remain pending.  (Doc. 13-3 at PageID 115; Doc. 13-8.)  He was re-detained by ICE on April 2, 2026 after serving approximately three months in jail for failure to comply with a police officer in Hamilton County, Ohio.  (Doc. 13-4 at PageID 119; Doc. 13-7 at PageID 125.)

Torres Siles filed his Habeas Petition and Emergency Motion on May 1, 2026 requesting a bond hearing before an Immigration Judge.  (Docs. 1, 2.)  After Torres Siles filed his Habeas Petition, but before the Federal Respondents filed their Return of Writ, the Sixth Circuit Court of Appeals issued a decision on May 11, 2026 that is dispositive in this matter.  The Sixth Circuit held that noncitizens like Torres Siles, who are not currently seeking admission or lawful entry into the United States, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(A)(2).  *Lopez-Campos v. Raycraft*, No. 25-1965, 1969, 1978, 1982, — F.4th —, 2026 WL 1283891, at *3, 11 (6th Cir. May 11, 1973).  Instead, such noncitizens already present in the United States are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  *Id.* at *3, 11, 13.

Federal Respondents concede that *Lopez-Campos* is controlling and that Torres Siles is entitled to a bond hearing before an Immigration Judge.[1]  The Court holds on the authority of *Lopez-Campos* that Federal Respondents are violating Torres Siles's statutory rights under the INA and due process rights under the Fifth Amendment by detaining him without a bond

---

[1]  Federal Respondents suggest that Torres can request a bond hearing in the immigration proceedings and that a bond hearing will be required.  (Doc. 13 at PageID 108–109.)  However, they also acknowledge that they are considering their options to appeal the *Lopez-Campos* decision.  (*Id.* at PageID 109.)  Given the uncertainty how Federal Respondents will proceed, the Court will rule on the pending Habeas Petition without requiring administrative exhaustion.

hearing.  2026 WL 1283891, at *3, 11, 13.[2]

## II.

The Habeas Petition (Doc. 1) and Emergency Motion (Doc. 2) are **GRANTED**.  The Court ORDERS that within eleven days of entry of this Order, Federal Respondents shall either (1) provide Torres Siles with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Torres Siles from custody.  If Federal Respondents choose to provide a bond hearing in lieu of releasing Torres Siles from custody, then:

(1) Federal Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Federal Respondents shall bear the burden of persuasion to justify Torres Siles's continued detention and adduce clear and convincing evidence that Torres Siles is a danger to the community or a risk of flight.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Torres Siles's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further ORDERS that within fourteen days of entry of this Order, Federal Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Torres Siles was released from custody.

---

[2]  This Court had reached the same conclusion in materially analogous cases prior to *Lopez-Campos*.  *See, e.g.*, *Ramirez Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No. 1:26-cv-68, 2026 WL 900063 (S.D. Ohio Apr. 2, 2026); *Rocha Gonzalez v. Lynch*, No. 1:26-cv-77, 2026 WL 962004 (S.D. Ohio Apr. 9, 2026).  To be clear, the Court would hold the same in this case even if the *Lopez-Campos* decision had not been issued.

Finally, the Butler County Sheriff's Motion to Dismiss (Doc. 7) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott

Susan J. Dlott
United States District Judge