IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Charlie Reymond Torres Siles, | : | |
| | : | Case No. 1:26-cv-434 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Warden, Butler County Detention Facility, *et al.*, | : | Order Denying Emergency Motion to Enforce Court Order |
| | : | |
| Respondents. | : | |

The Court issued an Order Granting Habeas Petition on May 15, 2026 ordering Respondents to release Petitioner Charlie Reymond Torres Siles or provide him with a constitutionally-adequate bond hearing under 8 U.S.C. § 1226(a). (Doc. 15.) Immigration Judge ("IJ") Monte Horton held a bond hearing for Torres Siles on May 20, 2026 and denied him release upon bond. (Doc. 17-1 at PageID 140–141.) Pending before the Court now is an Emergency Motion to Enforce Court Order ("Motion to Enforce") filed by Torres Siles on May 26, 2026. (Doc. 18.) Respondents filed a Response in Opposition, which included an argument that this matter is moot. (Doc. 19.) Torres Siles did not file a reply brief.

**I.**

Torres Siles contends in the Motion to Enforce that IJ Horton did not provide him with a constitutionally-adequate bond hearing in violation of the Order Granting Habeas Petition. He asks the Court to order that he be immediately released, or alternatively, to order that a constitutionally-adequate bond hearing be held. (Doc. 18 at PageID 144.) The Court need not address the merits of his argument, however, because subsequent events have mooted the Motion to Enforce.

On June 4, 2026, IJ Brandon Kennedy issued an Immigration Order granting Torres Siles's application for voluntary departure in lieu of removal. (Doc. 19-2 at PageID 165–167.) IJ Kennedy ordered as follows:

> Accordingly, it is hereby ordered that [Torres Siles] be granted voluntary departure, without expense to the Government, at the conclusion of proceedings under INA § 240B(b) [8 U.S.C. § 1229c(b)], in lieu of removal, on or before 07/06/2026, or any extensions as the Department of Homeland Security (DHS) may grant, and under any other conditions DHS may direct.

(*Id.* at PageID 165.) IJ Kennedy further ordered that if Torres Siles "fails to depart as required," then "the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective: Respondent shall be removed to Nicaragua on the charge(s) set forth in the Notice to Appear." (*Id.*) Torres Siles waived his right to appeal the June 4, 2026 Immigration Order. (*Id.* at PageID 167.)

As of June 7, 2026, Torres Siles was still being detained at the Butler County, Ohio Correctional Complex. *See* United States Immigration and Customs Enforcement, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last viewed 6/7/2026). It is unclear whether he was granted an extension to voluntarily depart by DHS or if the alternative order for removal to Nicaragua is now in effect.

Regardless, Torres Siles is no longer entitled to a bond hearing. The Court initially granted Torres Siles a bond hearing on May 14, 2026 because the Court determined that his detention was governed by 8 U.S.C. § 1226(a). (Doc. 15 at PageID 134.) Section 1226(a) applies when a non-citizen alien is "arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). It authorizes the Attorney General to "continue to detain the arrested alien" or to "release the alien on . . . bond of at least $1,500." 8 U.S.C. § 1226(a)(1)&(2)(A). However, § 1226(a) no longer governs Torres Siles's detention. He is no longer awaiting a decision on removal—a predicate for § 1226(a)—because

he agreed to a voluntary departure and to waive his appeals.

A voluntary departure order "terminate[s] any removal proceedings such that [a petitioner] is no longer awaiting a decision on removal and his challenge to detention under § 1226(a) is moot." *Boutinkhar v. Dir., U.S. Immigr. & Customs Enf't*, No. 4:25 CV 2802, 2026 WL 1166493, at *1 (N.D. Ohio Apr. 29, 2026). Other district courts agree that a petitioner is no longer entitled to a bond hearing under § 1226(a) after a voluntary departure order is issued. *See, e.g.*, *Damian v. Warden*, No. 1:26-CV-04288-DAD-CKD (HC), 2026 WL 1747043, at *1 (E.D. Cal. June 16, 2026) (finding that after an order for voluntary departure is entered, the petitioner is no longer subject to § 1226(a) and he is "not likely to succeed on the merits of his claim that his detention without a bond hearing violates due process"); *Ndong v. Oddo*, No. 3:26-CV-901, 2026 WL 1660100, at *2 (W.D. Pa. June 9, 2026) (holding that a petitioner subject to a voluntary departure "falls outside the purview of 8 U.S.C. § 1226(a)" and is "neither entitled to a bond hearing or otherwise releasable"); *Rodriguez-Rodriguez v. Raycraft*, No. 3:26-CV-667, 2026 WL 1453772, at *3 (N.D. Ohio May 22, 2026) (finding habeas proceedings for a bond hearing under § 1226(a) to be moot after a voluntary departure order).

Because Torres Siles is no longer entitled to a bond hearing under § 1226(a), his Motion to Enforce is moot.

**II.**

For the reasons above, the Motion to Enforce (Doc. 18) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge